## SILVA v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 4, 1914.)

No. 4097.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Criminal prosecution by the United States against John Silva. Judgment of conviction, and defendant brings error. Reversed.

Guy L. Andrews, of South McAlester, Okl. (Jean P. Day, of McAlester, Okl., on the brief), for plaintiff in error.

Frank Lee, Asst. U. S. Atty., of Muskogee, Okl. (D. H. Linebaugh, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

SMITH, Circuit Judge. The plaintiff in error was the defendant in the District Court. He was indicted, arraigned, pleaded not guilty, tried, found guilty, and sentenced for introducing whisky into the Indian country previously known as Indian Territory.

The defendant was engaged in running a grocery store at Krebs, Okl., four miles from McAlester. A deputy United States marshal and a plain clothes man from McAlester, together with two other men, went to the defendant's house and searched it for liquors, and there found in the cellar a jug partially filled with whisky, and about 3½ dozen quart bottles filled with the same commodity, and one or two pints or half pints. The bottles were of various shapes, round, flat, and square, and in general were in gunny sacks covered with newspapers. There was no evidence as to when the liquors were imported into the Indian Territory, but was slight evidence that one bottle had been imported from Ft. Smith, Ark.

The court gave the following instruction: "Now, the possession of whisky which the evidence shows was recently carried into this district, from without the state, not explained by any credible evidence inconsistent with the conclusion that the person in possession of it carried it into this district, is a circumstance pointing strongly to the conclusion that the person so in possession of such liquor carried it into this district." This instruction was without support in the evidence as to the recent importation of the liquor, and, following the case of Ed Chambliss v. United States, this day decided, 218 Fed. 154, 132 C. C. A. 112, this case is reversed and remanded, with directions to set aside the verdict and grant a new trial.