### COLLIER v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 1, 1915.)

No. 4315.

INDIANS ⬦38—INDIAN COUNTRY—INTOXICATING LIQUORS—PROSECUTION—EVIDENCE.

　　Evidence that intoxicating liquors were found in the residence of the defendant in that part of Oklahoma which was formerly Indian territory, without proof as to where, when, or how it was brought into the state, is not sufficient to sustain a conviction for bringing the liquor into the Indian Territory contrary to Act March 1, 1895, c. 145, 28 Stat. 693.

　　[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 22, 64, 66; Dec. Dig. ⬦38.]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

G. W. Collier was convicted of carrying and introducing liquor into that part of Oklahoma formerly known as the Indian Territory, and he brings error. Reversed and remanded, with directions to grant a new trial.

Clyde McGary, of Vinita, Okl., and Miles & Anderson, of Quinton, Okl., for plaintiff in error.

D. H. Linebaugh and Carter Smith, both of Muskogee, Okl., for the United States.

Before SANBORN, ADAMS, and SMITH, Circuit Judges.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ADAMS, Circuit Judge. Collier was indicted for carrying and introducing liquor from without the state of Oklahoma into that part of the state formerly known as the Indian Territory, in violation of the provisions of the act of March 1, 1895 (28 Stat. c. 145, pp. 693–697). The only evidence produced against him at the trial was the testimony of two witnesses that Collier's residence at Quinton, in the county of Pittsburg, Okl., was on February 24, 1913, searched by officers of the law, and whisky and beer were found there. There was no evidence on the part of the government as to how long it had been there, or where it came from; but Collier testified in his own behalf that he purchased it of a man living in Quinton, and that he had nothing to do with the bringing of it into the state, and knew nothing about it. This was not contradicted by the government. On this evidence alone, the jury, without any charge as to the law of the case by the court, found Collier guilty as charged in the indictment, and the trial court sentenced him to imprisonment in the United States penitentiary at Leavenworth, Kan., for the period of one year and six months, to pay a fine of $100, and to stand committed until that fine should be paid.

This judgment cannot be sustained. The gist of the offense denounced by the act of March 1, 1895, is the carrying of liquor into the Indian Territory from without the state of Oklahoma. Ex parte Charley Webb, 225 U. S. 663, 32 Sup. Ct. 769, 56 L. Ed. 1248. The mere possession of whisky by any person within that part of the state known formerly as Indian Territory, without any proof of where it came from, or when it was brought into that territory, constitutes no federal offense, and is wholly insufficient to justify conviction under the act of March 1, 1895. Chambliss v. United States, 132 C. C. A. 112, 218 Fed. 154, and Silva v. United States, 134 C. C. A. 528, 218 Fed. 793, recently decided by this court.

The judgment is reversed, and the cause remanded to the District Court, with directions to grant a new trial.