## MOORE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 12, 1915.)

No. 4221.

(*Syllabus by the Court.*)

1. INDIANS ⏝38—UNLAWFUL INTRODUCING—SUFFICIENCY OF EVIDENCE.

Evidence that intoxicating liquor was found in a defendant's residence in the Eastern district of Oklahoma, without any evidence when that liquor had been brought into that district from without the state, or how long it had been in the district, met by the testimony of the defendant that he had bought it of a third person and paid him for it at the defendant's place of business in that district, that the defendant had not introduced it into that district, or into Oklahoma, or employed or requested the vendor, or any one, to introduce it, and that he had not made any prearrangement with the vendor, or any one, to take or buy it, and by the uncontradicted testimony of two other witnesses of the defendant's purchase of the liquor of the third person and his payment for it, presents no substantial evidence of the charge that the defendant introduced the liquor into the Eastern district of Oklahoma, or into the state of Oklahoma, from without the state.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 22, 66; Dec. Dig. ⏝38.

Introducing intoxicating liquors into Indian country, see note to Joplin Mercantile Co. v. United States, 131 C. C. A. 171.]

2. CRIMINAL LAW ⏝1028—APPEAL—PRESENTATION BELOW—SUFFICIENCY OF EVIDENCE.

In criminal cases, in which the life or the personal liberty of the defendant is at stake, the courts of the United States, in the exercise of a sound discretion, may notice such a grave error as the absence of substantial evidence to sustain the conviction, although the question it presents was not properly raised in the trial court by motion, request, objection, exception, or assignment of error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2619, 2620; Dec. Dig. ⏝1028.]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

"Fannie" M. Moore was convicted of unlawfully introducing intoxicating liquors into the Eastern district of Oklahoma, and brings error. Reversed and remanded for new trial.

S. M. Rutherford, of Muskogee, Okl., for plaintiff in error.

D. H. Linebaugh, U. S. Atty., and W. P. McGinnis, Asst. U. S. Atty., both of Muskogee, Okl.

Before SANBORN, ADAMS, and SMITH, Circuit Judges.

SANBORN, Circuit Judge. [1] The defendant below has sued out this writ of error to review a judgment that he be imprisoned for two years and pay a fine of $250, because on October 3, 1913, in the county of Creek, Okl., in the Eastern district of Oklahoma, he did, as his indictment reads, "introduce and carry into the county and district aforesaid, from without the said state of Oklahoma, one quart of vinous, malt, fermented, and intoxicating liquor, to wit, beer and whisky."

⏝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The evidence on which this judgment rests was, on the part of the government, that the defendant resided for about 18 months before October 3, 1913, and on that day resided, at Keifer, in Creek county, Okl.; that he was a gambler, and had a room back of a restaurant operated by W. E. Hoyle, in the town of Keifer, where he carried on his business and sold liquor; that on October 3, 1913, the officers searched his residence, found there and destroyed 3 kegs of whisky and 200 to 300 bottles of beer, which appeared to have been manufactured without the state of Oklahoma. The government introduced no evidence, and there was none in the case, that the defendant introduced into Oklahoma, or employed any one to introduce into Oklahoma, this or any other liquor; and it introduced no evidence tending to show when this liquor had been introduced into the Eastern district of Oklahoma, or how long it had been there.

The defendant testified that he did not introduce the liquor into the Eastern district of Oklahoma, or into the state from without the state; that he did not send any one for it, or have any prearrangement or advice with any one that he would take it when it was brought in; that on October 1, 1913, Ernest Lynch came into Hoyle's restaurant, where the defendant was sitting, told him that he had some liquor to sell, and asked him if he wanted some, and the defendant told him that if it was good, and the price was right, he would buy it; that he did buy it; that he caused it to be delivered at his home; that he had bought whisky and beer of Lynch several times before when he wanted it; that he got liquor from others; that Lynch was not a regular hauler for him, but he hauled liquor in and sold it to any one he could get to buy it; that he (Moore) got the money out of the safe in the restaurant where he kept it and paid Lynch, on October 1, 1913, $318 for the liquor which he bought on that day; and that the transaction was had about 9 or 10 in the evening.

The defendant also introduced in evidence the testimony of Hoyle that Lynch came into his restaurant, where Moore was sitting, on the evening of October 1, 1913, said he had some whisky and beer to sell, and asked Moore if he would buy it, that Moore said he would, if it was the right kind of stuff, and told him to take it up and unload it, that they went out, but came back later during that evening, when Moore went to the safe, took out some currency, and paid Lynch $318, that he was pretty well acquainted with Lynch, that he never knew exactly what his business was, except selling whisky, and that was all he ever heard of his doing; the testimony of Charles Williams that on October 1, 1913, he had just had his lunch in the restaurant, that Moore was sitting there reading a paper, when Lynch came in and told Moore he had a load of whisky he would like to sell him, and Moore answered that he would take it, if it was good stuff and the price was right, that they went out, came back later, Moore went to the safe, took out some currency, and counted it, and gave to Lynch $318; and the testimony of Orville Knight that he knew Lynch, that he did not know what he was doing, that about all the business he had with him was to get a little liquor of him, that he bought a gallon of whisky of him in October, when he went fishing over on the Verdix river, and another gallon about Christmas.

This was all the material evidence there was in this case. It comprises no substantial evidence that Moore ever introduced any liquor into the county of Creek, or into the Eastern district of Oklahoma, from without the state of Oklahoma, no evidence how long the liquor he had had been in the state, or when or by whom it was brought into the state, and uncontradicted evidence that Moore bought it of Lynch in the county and district, and paid Lynch, whom he had not employed to bring it in, and with whom he had made no prearrangement to buy or take it, for it, at his place of business, where he bought it. The result is that there was no substantial evidence to sustain the verdict, and the judgment must be reversed. Chambliss v. United States, 218 Fed. 154, 132 C. C. A. 112; Silva v. United States, 218 Fed. 793, 134 C. C. A. 528; Collier v. United States, 221 Fed. 64, 137 C. C. A. 86.

[2] Counsel for the United States have objected to the consideration of the error which has been discussed, and have invoked the general rule that the court may not review the existence of evidence to sustain a verdict, in the absence of a motion or request, after the close of the evidence, for a peremptory instruction. Rimmerman v. United States, 186 Fed. 307, 311, 108 C. C. A. 385, 389. But there is an exception to this general rule. It is that in criminal cases, where the life, or, as in this case, the liberty, of the defendant is at stake, the courts of the United States, in the exercise of a sound discretion, may notice such a grave error as his conviction without evidence to support it, although the question it presents was not properly raised in the trial court by request, objection, exception, or assignment of error. Sykes v. United States, 204 Fed. 909, 914, 123 C. C. A. 205, 210, and the cases there cited.

Let the judgment below be reversed, and the case be remanded to the District Court, with instructions to grant a new trial.