L. E. WATERMAN CO. v. STANDARD DRUG CO. et al. (Circuit Court of Appeals, Sixth Circuit. May 14, 1915.) No. 2615. Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio. Suit in equity by the L. E. Waterman Company against the Standard Drug Company for the infringement of trade-mark. Decree for complainant, granting a permanent injunction. Subsequently a rule entered against defendant and Sol Teller as its agent to show cause why attachment should not issue against them for contempt for violation of the injunction was discharged, but on appeal the order was reversed. 202 Fed. 167. On a second hearing a similar order was entered, from which complainant appeals. Affirmed. Walter B. Raymond, of New York City, for appellant. T. H. Bushnell and J. A. Chamberlain, both of Cleveland, Ohio, for appellees.

PER CURIAM. This cause came on to be heard on the transcript of the record from the District Court of the United States for the Northern District of Ohio, Eastern Division, and was argued by counsel; and the appellant having, in our view of the present record, failed to show that appellee Teller was an officer, agent, servant, or employé of the Standard Drug Company, or was otherwise so identified with the company as to justify the conclusion that he was under its control, at any of the times in question herein, the decree below will have to be affirmed, as it hereby is, with costs.

---

SELLERS v. UNITED STATES. (Circuit Court of Appeals, Eighth Circuit. May 3, 1915.) No. 4240. In Error to the District Court of the United States for the Eastern District of Oklahoma. Eck E. Brook, of Muskogee, Okl. (W. N. Brook, of Muskogee, Okl., on the brief), for plaintiff in error. Carter Smith, Asst. U. S. Atty., of Muskogee, Okl. (D. H. Linebaugh, U. S. Atty., of Muskogee, Okl., on the brief), for the United States. Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. Sellers was indicted, convicted, and sentenced for introducing and carrying intoxicating liquor from outside the state of Oklahoma into that part of the state that was formerly Indian Territory, contrary to Act March 1, 1895, c. 145, § 8, 28 Stat. 697. The gist of the offense is the carrying of the liquor in interstate commerce into the prohibited district. It is not coterminous with the offense under the state law. The mere possession and sale of intoxicating liquor there will not, without more, warrant a conviction under the statute. Chambliss v. United States, 218 Fed. 154, 157, 132 C. C. A. 112. Aside from that there was practically no evidence against the accused. The sentence is reversed, and the cause remanded for a new trial.

---

WESTINGHOUSE ELECTRIC & MFG. CO. v. KUPPER et al. (Circuit Court of Appeals, Third Circuit. May 29, 1915.) No. 1898. Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge. W. G. Carr, of Pittsburgh, Pa., for appellant. Henry Orth, Jr., of Washington, D. C., for appellees. Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

PER CURIAM. Agreeing with Judge Orr that the first claim of the Bormann patent is valid and has been infringed by the appellant, we see no need to add anything to his opinion reported in 212 Fed. at page 184. The decree is affirmed.