COLLINS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. June 16, 1915.)

No. 4387.

INDIANS ⊂⇒38—INTRODUCING LIQUOR INTO INDIAN COUNTRY—POSSESSION AS EVIDENCE.

The mere possession by a defendant of liquor within that part of the state of Oklahoma which was formerly a part of Indian Territory is not sufficient to warrant his conviction for introducing the liquor into the state.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 22, 64, 66; Dec. Dig. ⊂⇒38.

Introducing intoxicating liquors into Indian country, see note to Joplin Mercantile Co. v. United States, 131 C. C. A. 171.]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Criminal prosecution by the United States against Jack Collins. Judgment of conviction, and defendant brings error. Reversed.

See, also, 219 Fed. 670, —— C. C. A. ——.

R. Emmett Stewart, of Muskogee, Okl. (G. W. P. Brown, of Muskogee, Okl., on the brief), for plaintiff in error.

W. P. McGinnis, Sp. Asst. U. S. Atty., of Muskogee, Okl. (D. H. Linebaugh, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

---

Before SANBORN and CARLAND, Circuit Judges, and TRIE-BER, District Judge.

PER CURIAM. Collins was tried, convicted,. and sentenced for introducing intoxicating liquor into the county of Muskogee, state of Oklahoma, from without the said. state of Oklahoma, the portion of said county into which the liquor was introduced having been within the limits of the former Indian country. In its charge to the jury the trial court used the following language:

"I think, however, you' will have little trouble in concluding from the evidence in this case that these officers did discover out there a spring wagon, loaded with a large quantity of whisky. I think you will have little trouble in arriving at the conclusion that the liquor was marked Hill & Hill, and that it was also marked with the name of some man Gilley of Ft. Smith. I think you will have little trouble in arriving at the conclusion that the people in possession of that liquor, or somebody, had introduced it from a point outside the state, and probably from Ft. Smith, into this the Eastern District of Oklahoma, into Muskogee county, which was formerly part of the Indian Territory, and that therefore somebody was in the act of violating the law. If you arrive at those conclusions, after a consideration of the evidence, then there remains but the one question: Was this defendant in possession of that liquor? Was he one of the men that was out there, and, if he was, does the evidence, that being true, establish his connection with it in such way as that he aided, abetted, assisted, or procured in its introduction?"

This portion of the charge was excepted to by counsel for defendant, and the giving of said instruction is assigned as error. We have carefully examined the evidence in the record, and we do not think the court was justified in telling the jury that they would have little trouble in finding that the liquor had been introduced from a point outside the state and probably from Ft. Smith into the Eastern District of Oklahoma. The evidence was not clear upon this point. We also think the remaining portion of the language excepted to was in effect a charge that if the jury found the defendant was in possession of the liquor then a conviction should follow. Under the decisions of this court, mere possession of the intoxicating liquor would not be sufficient to authorize a conviction of the crime charged. Chambliss v. United States, 132 C. C. A. 112, 218 Fed. 154; Lewellen v. United States, 223 Fed. 18, —— C. C. A. ——; Moore v. United States, 224 Fed. 95, —— C. C. A.·——; Sellers ˙v. United States, 222 Fed. 1023, —— C. C. A. ——; Crites v. United States, 222 Fed. 1022, —— C. C. A. ——; Cecil v. United States, 225 Fed. 368, ——.C. C. A. ——; Parks v. United States, 225 Fed. 369, —— C. C. A. ——; Talkington & Bastine v. United States, 225 Fed. 367, —— C. C. A. ——. The sufficiency of the evidence was not questioned at the trial.

The judgment below is reversed, and a new trial ordered.·