## CECIL v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.   June 23, 1915.)

No. 4338.

INDIANS ⬮⟿38—INTRODUCTION OF LIQUOR INTO INDIAN COUNTRY—CRIMINAL PROSECUTION.

Possession by a defendant, within that part of Oklahoma which constituted Indian country at the time of the passage of Act July 23, 1892, c. 234, 27 Stat. 260, of intoxicating liquors which had been brought into the state from without, is not sufficient to warrant his conviction under such statute for introducing liquors into the Indian country.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 22, 64, 66; Dec. Dig. ⬮⟿38.

Introducing intoxicating liquors into Indian country, see note to Joplin Mercantile Co. v. United States, 131 C. C. A. 171.]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Criminal prosecution by the United States against Henry Cecil. Judgment of conviction, and defendant brings error. Reversed.

A. A. Davidson, of Tulsa, Okl., for plaintiff in error.

D. H. Linebaugh, U. S. Atty., and W. P. McGinnis, Sp. Asst. U. S. Atty., both of Muskogee, Okl.

Before SANBORN and CARLAND, Circuit Judges, and LEWIS, District Judge.

PER CURIAM. Cecil was tried, convicted, and sentenced in the District Court of the United States for the Eastern District of Oklahoma for introducing and carrying into the Indian country, to wit, the county of Muskogee, in the state of Oklahoma, from without said Indian country, and from without said district, spirituous and intoxi-

cating liquor. At the close of all the evidence offered at the trial, counsel for the defendant demurred to the evidence introduced, for the reason that it failed to show the defendant guilty as charged. The demurrer was overruled, and an exception taken.

We are of the opinion that the demurrer ought to have been sustained, as there was not sufficient evidence that the defendant introduced intoxicating liquor into Muskogee county from without the district or state of Oklahoma. Chambliss v. United States, 218 Fed. 154, 132 C. C. A. 112; Lewellen v. United States, 223 Fed. 18, —— C. C. A. ——; Moore v. United States, 224 Fed. 95, —— C. C. A. ——; Sellers v. United States, 222 Fed. 1023, —— C. C. A. ——; Crites v. United States, 222 Fed. 1022, —— C. C. A. ——.

The judgment below is reversed, and a new trial ordered.