## PARKS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. June 23, 1915.)

### No. 4319.

INDIANS ⬥⟲38—INTRODUCTION OF LIQUOR INTO INDIAN COUNTRY—CRIMINAL PROSECUTION.

Possession by a defendant, within that part of Oklahoma which constituted Indian country at the time of the passage of Act July 23, 1892, c. 234, 27 Stat. 260, of intoxicating liquor which had been brought into the state from without, is not sufficient to warrant his conviction under such statute for introducing liquor into the Indian country.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 22, 64, 66; Dec. Dig. ⬥⟲38.

[Introducing intoxicating liquors into Indian country, see note to Joplin Mercantile Co. v. United States, 131 C. C. A. 171.]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Criminal prosecution by the United States against W. F. Parks. Judgment of conviction, and defendant brings error. Reversed.

W. J. Crump, of Muskogee, Okl., for plaintiff in error.

W. P. McGinnis, Sp. Asst. U. S. Atty., of Muskogee, Okl. (D. H. Linebaugh, U. S. Atty., of Muskogee, Okl., and C. W. Miller, Sp. Asst. U. S. Atty., of Holdenville, Okl., on the brief), for the United States.

Before SANBORN and CARLAND, Circuit Judges, and LEWIS, District Judge.

PER CURIAM. Parks was indicted, tried, and convicted for introducing into the county of Muskogee, state of Oklahoma, intoxicating liquor from without said state. At the close of all the evidence offered at the trial, counsel for Parks moved the court to instruct the jury to return a verdict of not guilty, for the reason that the testimony was not sufficient to warrant the conviction of the defendant. This motion was overruled, and an exception taken.

We are of the opinion that the motion should have been granted. In accordance with the previous decisions of this court, there was not sufficient evidence that the defendant introduced the liquor as charged. Chambliss v. United States, 218 Fed. 154, 132 C. C. A. 112; Lewellen v. United States, 223 Fed. 18, —— C. C. A. ——; Moore v. United States, 224 Fed. 95, —— C. C. A. ——; Sellers v. United States, 222 Fed. 1023, —— C. C. A. ——; Crites v. United States, 222 Fed. 1022, —— C. C. A. ——; Cecil v. United States, 225 Fed. 368, —— C. C. A. ——.

The judgment of the court below is reversed, and a new trial ordered.