GOFF v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 22, 1919.)

No. 5110.

1. CRIMINAL LAW ☞563—SUFFICIENCY OF EVIDENCE—PROOF OF CORPUS DELICTI.

Evidence *held* insufficient to sustain a conviction where, aside from statements made by defendant before his arrest, it was as consistent with the commission of a different offense as with that of the crime charged.

2. CRIMINAL LAW ☞535(1)—DECLARATIONS BY ACCUSED—NECESSITY OF CORROBORATION.

A conviction on statements of the defendant will not be sustained without corroborative proof of the corpus delicti.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. INDIANS ☞38(5)—INTRODUCING INTOXICATING LIQUORS INTO INDIAN
    COUNTRY IN INTERSTATE COMMERCE—EVIDENCE.
        The provision of Act May 18, 1916, making the possession of intox-
    icating liquor in the Indian country prima facie evidence of its unlaw-
    ful introduction, does not apply where the charge is the carrying of
    liquor from outside·the state of Oklahoma into that part which was
    formerly Indian Territory.

Appeal from the District Court of the United States for the East-
ern District of Oklahoma; Joseph W. Woodrough, Judge.

Criminal prosecution by the United States against R. E. Goff. Judg-
ment of conviction, and defendant brings error. Reversed.

Frank Lee, of Muskogee, Okl. (J. C. Denton, of Muskogee, Okl.,
on the brief), for plaintiff in error.

C. W. Miller, Sp. Asst. U. S. Atty., of Muskogee, Okl. (W. P. Mc-
Ginnis, U. S. Atty., of Muskogee, Okl., on the brief), for the United
States.

Before HOOK and STONE, Circuit Judges, and WADE, District
Judge.

WADE, District Judge. Defendant was indicted for, and convicted
of, the crime of introducing liquor from without the state into that
part of the state of Oklahoma which was formerly Indian Territory.
He was found by officers in Nowata, Okl., traveling in a Ford car
equipped with a false bottom, having concealed in and about the car
more than 280 pints of whisky and some beer. The indictment
charged only that defendant "did introduce and carry into the county
and district aforesaid, from without the state of Oklahoma," liquor
found in his possession.

At the close of the evidence offered by the government, the de-
fendant demurred to the evidence as insufficient to prove the crime
charged, for the reason that the corpus delicti was not established,
which demurrer was overruled, the defendant excepting. The defend-
ant offered no evidence, the case was argued, the jury instructed, and
a verdict of guilty returned.

[1] 1. The defendant by this appeal renews his contention that
there was no evidence offered by the government, aside from the
proven statements of the defendant, tending to prove that the liquor
found in the custody of the defendant, was in fact brought into the
state, and it is insisted that the statements or admissions made by the
defendant are not alone sufficient to establish such fact.

Two elements are involved in the offense charged: (1) That the
liquor was in fact brought into Oklahoma from some point without
the state; and (2) that the defendant was the person who brought it
in. A careful examination of the record discloses no fact or cir-
cumstance, aside from the statements of the defendant at the time
of his arrest, tending to show that the liquor was introduced into the
state at the time alleged by any one.

Nowata, where the defendant was apprehended, is located about
24 miles from the Kansas line, and at least twice that far from the

Missouri line. The careful concealment of liquor in a car with a false bottom was just as consistent with ordinary "bootlegging" as with introducing. There is proof that there was a large stock of liquor about this time at South Coffeyville, Okl. If, as suggested by counsel (though without any competent evidence to sustain such contention), the defendant procured the liquor at South Coffeyville with the purpose of retailing it in the state, his plan for concealment would probably be just as ingeniously devised, and his mode and direction. of travel would probably have been the same.

There is no attempt to prove that there were not dozens of other places in that part of the state where the supply could have been obtained. The facts and circumstances (aside from the statements of the defendant) being just as consistent with guilt of some other offense, it cannot be held sufficient as proof of the particular offense charged.

[2] The defendant first stated to the officers that he was traveling from his home in Pittsburg, Kan.; but, after the liquor was discovered, he stated that he came from Joplin, Mo., and was on his way to Tulsa, Okl. The rule of this court as to the effect of statements or confessions, in establishing the corpus delicti, is as follows:

"A conviction upon extrajudicial confession, or acts or declarations of a prisoner, will not be sustained, without corroborative proof that the property was in fact stolen." Naftzger v. United States, 200 Fed. 494, 118 C. C. A. 598.

See, also, 4 Chamberlayne, Evidence, § 1600.

We do not hold that declarations of a party may not be considered in finding the corpus delicti; but, standing alone, they are insufficient, and other facts and circumstances cannot be said to be corroborative, when they point as directly to some other offense as they do to the crime charged.

[3] 2. Counsel for the government insist that possession of liquor in Oklahoma is by act of Congress of May 18, 1916, "prima facie evidence of unlawful introduction." 39 Stat. 123, c. 125. This court has already ruled adversely to this contention. Chambliss v. United States, 218 Fed. 154, 132 C. C. A. 112; Sellers v. United States, 222 Fed. 1023, 137 C. C. A. 666; Lewellen v. United States, 223 Fed. 18, 138 C. C. A. 432. And furthermore the case was not tried upon this theory.

The case is reversed and remanded to the District Court, with directions that a new trial be granted.