### STURTZ v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 6, 1920.)

No. 5553.

1. **Criminal law ⬯1036(8)—Question of sufficiency of evidence must be raised below.**

Where accused did not interpose any demurrer to the evidence of the government, or request a directed verdict in his favor, he did not preserve the right to secure a review of a question of the sufficiency of the evidence to support the verdict.

2. **Criminal law ⬯1036(8)—Court will not review for insufficiency of evidence not properly presented, unless convinced of injustice.**

Where accused did not preserve his right to a review of the sufficiency of the evidence, the Circuit Court of Appeals will not exercise its right to review such evidence, unless convinced that the conviction works gross injustice, so that it will not review, where accused contended his admissions were uncorroborated, but there was evidence which the government contended corroborated the admissions, and which would have been sufficient in another circuit to support the verdict.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Reo Sturtz was convicted of introducing intoxicating liquor from without the state of Oklahoma into that portion of the state, which prior to its admission had been a part of Indian Territory, and he brings error. Affirmed.

D. M. Martindale, of Tulsa, Okl., for plaintiff in error.

Foster V. Phipps, Sp. Asst. U. S. Atty., of Muskogee, Okl. (Archibald Bonds, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before HOOK and STONE, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge. Plaintiff in error was convicted in the court below of introducing from without the state of Oklahoma intoxicating liquor into that portion of the state which prior to its admission into the Union had been a part of Indian Territory, in violation of the Act of Congress of March 1, 1895 (28 Stat. 697).

The only ground requiring consideration urged in this court for

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the reversal of the judgment of the court below is the insufficiency of the evidence to support the verdict.

There was evidence introduced by the government of an admission by the defendant that he had procured the liquor found in his possession at Joplin in the state of Missouri, and had brought it from said state into that portion of the state of Oklahoma which had formerly been Indian Territory, and it is urged by the defendant that there is no substantial evidence in the case corroborating such admission, and that therefore the case should be reversed under the authority of Goff v. U. S., 257 Fed. 294, 168 C. C. A. 378.

[1, 2] The defendant did not interpose any demurrer to the evidence of the government, or request the trial court to direct a verdict in his favor, as was done in the Goff Case. The defendant, therefore, did not preserve the right to secure a review in this court of the question of the sufficiency of the evidence to support the verdict. We are urged, however, notwithstanding the failure of the defendant in this regard, to consider the question, under the exception to the general rule, as was done by this court in Sykes v. U. S., 204 Fed. 909, 123 C. C. A. 205, Moore v. U. S., 224 Fed. 95, 139 C. C. A. 651, and Skuy v. U. S. (C. C. A.) 261 Fed. 316. The exception referred to is stated in the Sykes Case as follows:

"But there is an exception to this general rule, which has been made to prevent just such gross injustice as would result from the punishment of the defendant Sykes upon the evidence which has been recited. It is that in criminal cases, where the life, or, as in this case, the liberty, of the defendant is at stake, the courts of the United States, in the exercise of a sound discretion, may notice such a grave error as his conviction without evidence to support it, although the question it presents was not properly raised in the trial court by request, objection, exception, or assignment of error."

We have carefully read and considered the evidence in the record. There is evidence in the case, not found in the Goff Case, which the government strenuously contends corroborates the confession or admission of the defendant. In this connection it may be noted that under the decisions of the Circuit Court of Appeals of the Sixth Circuit the sufficiency of the evidence in this case to sustain the verdict would be beyond question. Berryman v. U. S., 259 Fed. 208, 170 C. C. A. 276.

We are not convinced that a grave error was committed in the conviction of the defendant, or that his punishment would be gross injustice. It may well be that, after consideration of the case upon its merits, we would not reverse the judgment or grant a new trial. In any event, we do not think that this is a case where our discretion ought to be exercised in favor of the defendant. Robins v. U. S. (C. C. A.) 262 Fed. 126.

Judgment affirmed.