## MALCOLM v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. December 5, 1918.)

No. 1653.

1. INTOXICATING LIQUORS ⊛=210—TRANSPORTATION INTO PROHIBITION STATE
—INDICTMENT.

An indictment under Reed Amendment, Act March 3, 1917, for transporting liquor into a prohibition state, is not fatally defective because it incorrectly states the point from which the transportation started.

2. CRIMINAL LAW ⊛=371(10, 12), 372(2)—OTHER OFFENSES—EVIDENCE.

In a prosecution for unlawfully transporting liquor into a prohibition state by automobile, evidence of a prior trip made by the same persons between the same places a few days before, and connected with the one charged, *held* admissible, being a part of the same scheme, and as showing motive and intent.

In Error to the District Court of the United States for the Southern District of West Virginia, at Huntington; Benjamin F. Keller, Judge.

Prosecution by the United States against Gerald Malcolm. Judgment of conviction, and defendant brings error. Affirmed.

William G. Barnhart, Thomas C. Townsend, A. M. Belcher, and S. B. Avis, all of Charleston, W. Va., for plaintiff in error.

Lon H. Kelly, U. S. Atty., of Gassaway, W. Va.

Before KNAPP and WOODS, Circuit Judges, and McDOWELL, District Judge.

KNAPP, Circuit Judge. Plaintiff in error, hereinafter called defendant, was convicted of transporting intoxicating liquors in interstate commerce, in violation of the act of Congress approved March 3, 1917 (39 Stat. 1069, c. 162), commonly known as the Reed Amendment. The government's evidence was to the effect that defendant, in January, 1918, hired two colored men to bring whisky by automobile from Catlettsburg, Ky., to Charleston, W. Va.; that they made two trips in that month, one a few days after the other; and that each time they brought in a considerable quantity of whisky. Three questions are raised by the assignments of error.

[1] 1. The indictment charges that the transportation was from Ashland, Ky., to Charleston, W. Va., whereas the proof shows that it was from Catlettsburg, Ky., which is a few miles from Ashland, and this variance is alleged to be fatal. We are quite unconvinced, notwithstanding the able argument of defendant's counsel, that this contention should be sustained. The gravamen of the offense charged is the transportation of liquor into a prohibition state, and the place from which it is brought is wholly immaterial. In our judgment it would have been sufficient merely to charge, in the language of the statute, the transportation of the whisky in question into the state of West Virginia, without naming the particular place, or even the state, from

which it was transported. Omission of the point of origin might have entitled defendant to a bill of particulars, but it would not have served to render the indictment demurrable. It follows that the averment of the locality from which the whisky was brought must be regarded as surplusage, since the indictment would be valid without that averment. As the Supreme Court said in Hall v. United States, 168 U. S. 632, 639, 18 Sup. Ct. 237, 239 (42 L. Ed. 607):

"Without this averment the third count contains every fact necessary to be proved in order to constitute an offense under the second clause of the statute, and the evidence in the case is sufficient to authorize the defendant's conviction upon that count. * * * Because the pleader unnecessarily made an averment of a totally immaterial fact, the government was not therefore bound to prove it in order to sustain a conviction. For this reason there was no fatal variance between the offense set forth in the indictment and the proof."

Moreover, in the case at bar there could be no claim that defendant was surprised, as it is evident from the record that he was never in doubt as to what transactions were referred to in the indictment. The defense of variance is purely technical and cannot be allowed to prevail.

[2] 2. As above stated, the men who brought in the whisky made two trips, a week or so apart, and the incidents of both trips were described by the government's witnesses. Claiming that their testimony related to two separate and distinct offenses, although but one was charged in the indictment, defendant moved that the government be required to elect the particular offense for which it would ask a conviction. This motion was granted, and thereupon the government elected to stand on the second trip; but the court ruled that the evidence relating to the first trip might also go in "upon the questions of mental attitude, motive, and intent." The refusal to exclude this evidence from consideration by the jury is assigned as error.

We are of opinion that the ruling is sustainable upon two grounds. In the first place, it seems clear that the two trips in question were not independent and unrelated. On the contrary, they are shown to have been quite closely connected in time and circumstances. According to the government's proofs, the same men were employed for both trips, the same assurance given that they would be protected in case of discovery, the same means of transportation used, and the whisky procured at the same saloon in Catlettsburg and brought to the same place in Charleston. But while the arrangements for the first trip were definite and complete, as to what the men were to do and what they were to be paid, the second trip appears to have been undertaken by them, in part at least, upon the understanding that it was to be of the same character and for the same compensation as the first. In short, the two trips were so associated in the planning and execution of a fraudulent scheme that the full truth respecting the second could not be shown without more or less reference to what had happened a few days before; that is to say, the circumstances under which the first trip was made gave point and significance to the subsequent occurrence. The trial court was therefore right in refusing to strike

out the entire testimony relating to the first trip, since much, if not all, of it was clearly competent. State v. Calhoun, 67 W. Va. 666, 69 S. E. 1098.

We are also of opinion, without arguing the point, that the testimony in question was admissible for the purpose stated by the learned District Judge. The case comes within the recognized exception to the general rule that a person charged with a particular offense may not be shown to have committed another similar offense in no way connected with the one for which he is on trial. As above stated, the two trips to Catlettsburg were closely related, and the incidents of the first tended to show the motive and intent of defendant in directing the second. Indeed, in this aspect the case seems much less doubtful than Moore v. United States, 150 U. S. 57, 14 Sup. Ct. 26, 37 L. Ed. 996, in which the Supreme Court said:

"As intimated in the case of Alexander v. United States, 138 U. S. 353 [11 Sup. Ct. 350, 34 L. Ed. 954], where the question relates to the tendency of certain testimony to throw light upon a particular fact, or to explain the conduct of a particular person, there is a certain discretion on the part of the trial judge which a court of errors will not interfere with, unless it manifestly appear that the testimony has no legitimate bearing upon the question at issue, and is calculated to prejudice the accused in the minds of the jurors."

3. It is further argued that the quantity of whisky transported the second time was not proven to be in excess of the amount allowed by the West Virginia statute, but this can hardly be a serious contention. Even if it be assumed that the one quart a month for personal use permitted by that statute could be brought in without violating the Reed Amendment—and upon that question we express no opinion—it is enough to say that ample and undisputed testimony showed many times that quantity transported on the second trip to Catlettsburg. This claim of defective proof was not made at the trial and its want of merit is obvious.

The record discloses no reversible error and the judgment will accordingly be affirmed.