BERRYMAN v. UNITED STATES. GOLD v. SAME. TUCKER v. SAME.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1919.)

Nos. 3264, 3265, 3277.

1. INTOXICATING LIQUORS ⬤═➣236(1)—TRANSPORTATION—REED AMENDMENT—EVIDENCE—SUFFICIENCY.

In a prosecution for violating the Reed Amendment (Comp. St. 1918, § 8739a), brought against defendants, who claimed that the whisky which they procured in Kentucky and transported into Tennessee was destined for Arkansas, evidence *held* sufficient to sustain a conviction.

2. INTOXICATING LIQUORS ⬤═➣138—TRANSPORTATION—REED AMENDMENT—VIOLATION.

It is not a violation of the Reed Amendment (Comp. St. 1918, § 8739a) to carry intoxicating liquors from a state in which sale was allowed across a state in which sale was prohibited, where the liquor was destined for a third state in which sale was permitted.

3. CRIMINAL LAW ⬤═➣534(1)—CONFESSION—CORROBORATION.

. In prosecution for violating the Reed Amendment (Comp. St. 1918, § 8739a), evidence *held* sufficient to corroborate the confession of the defendant that he had brought the liquor from another state.

4. CRIMINAL LAW ⬤═➣535(2)—CONFESSION—CORROBORATION—CORPUS DELICTI.

Defendant's confession that he had transported liquor across the state line *held* sufficiently corroborated by the further evidence.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Bob Berryman, Sam Gold, and J. B. Tucker were convicted of violating the Reed Amendment, and they severally bring error. Affirmed.

Clarence Friedman and Abe Cohn, both of Memphis, Tenn., for plaintiff in error Berryman.

Clarence Friedman, of Memphis, Tenn., for plaintiff in error Gold.

Ralph Davis, of Memphis, Tenn., for plaintiff in error Tucker.

Wm. D. Kyser, U. S. Atty., of Memphis, Tenn.

Before KNAPPEN and DENISON, Circuit Judges, and HOLLISTER, District Judge.

DENISON, Circuit Judge. The plaintiffs in error in these three cases were convicted of violating the Reed Amendment (Act March 3, 1917, c. 162, 39 Stat. 1069 [Comp. St. 1918, § 8739a])—Berryman and Gold upon a joint indictment. They were arrested (Tucker at one time and place, and Berryman and Gold at another) in the state of Tennessee, some 50 miles northeast of Memphis, and while driving towards Memphis an automobile filled with intoxicating liquor. Our recent decision in Laughter v. United States, 259 Fed. 94, 170 C. C. A. 162, January 17, 1919, covers all the questions involved in all cases, except as to the points now to be mentioned.

[1, 2] Berryman and Gold claim that the evidence did not justify the submission of their case to the jury. Both of them testified on

the trial that they had procured the liquor in Paducah, Ky., and were bringing it from that place. They lived in Memphis, where they were partners in operating a taxicab line, and they had driven from Memphis to Paducah for the purpose of getting the liquor. Their guilt, under their own statement, is not to be doubted, except for the fact that they also claimed that they had procured it for a man in Helena, Ark., and that, when arrested they were making the through trip from Paducah to Helena for delivery there to him. If this was true, they were not guilty, since the sale of liquor in Arkansas was not prohibited. United States v. Gudger (April 14, 1919) 249 U. S. 373, 39 Sup. Ct. 323, 63 L. Ed. 653. However, the facts brought out on cross-examination threw grave doubt upon the truth of so much of this story as involved the Helena destination, and the jury was under no obligation to believe it. From all the facts, it was an entirely legitimate inference that Memphis was the final destination of the liquor; and the jury may, of course, convict upon legitimate inferences, as well as upon direct testimony.

[3] In Tucker's Case, the additional point mainly urged against the judgment is that there was no sufficient proof of the corpus delicti to corroborate the defendant's confession. The proposition that there must be such corroborating evidence in order to justify a conviction is not questioned by the District Attorney, but he affirms the existence of such evidence. The testimony is that Tucker, at the time of his arrest, admitted that he got the liquor in Paducah and was carrying it to Memphis. It is said that this was the only evidence tending to show one element of the crime charged, viz. transportation across the state line into Tennessee, and that, since the crime was not complete without this interstate transportation, the commission of the crime had not been shown at all, except by this confession. Without going at all into the refinements of the legal rule, there are two answers to this contention, either of which is sufficient: The first is that the rear cushion of the automobile had been taken out, apparently to facilitate the packing of the load which was being carried, and Tucker had in his possession an express receipt therefor, issued at Paducah, indicating that he had been in Paducah and delivered this cushion to an express company for transportation to Memphis. This distinctly tended to show that the journey on which he was then engaged began in Paducah.

[4] The other answer is that the liquor itself was there and was being transported, and its presence, in Tucker's charge, under these circumstances, was strongly corroborative of his statement that he had brought it across the state line. Especially is this true, in view of the fact that he could not have purchased it in Tennessee, nor could any one have delivered it to him in Tennessee, without violating the Tennessee law, and it is a fair presumption, and in Tucker's favor, that he procured it where he could easily do so without violating any state law, rather than where its acquisition must have been surreptitious, difficult of accomplishment and in defiance of the laws of the state. Rivalto v. United States, 259 Fed. 94, 170 C. C. A.

162 (January 17, 1919), and see Robilio v. United States, 259 Fed. 101, 170 C. C. A. 169 (March 5, 1919). This view also disposes of the contention that it was error to charge that the possession of the liquor gave the confession sufficient corroboration.

The convictions and sentences must be affirmed in all three cases.