### LINDSEY v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. January 12, 1920.)

#### No. 1747.

1. **Intoxicating liquors** &⊃236(20)—**Evidence held to show interstate transportation of whisky.**

Labels on packages and bottles of whisky, which defendant and others were loading into an automobile near a wharf, and the identity in marks and other respects with other whisky found in a scow near the wharf, *held* to justify a finding that the whisky was transported from without the state into the state of Virginia.

2. **Intoxicating liquors** &⊃223(1)—**Proof of interstate transportation from particular point charged unnecessary.**

Under an information charging defendant with transporting whisky from Baltimore, Md., to Norfolk, Va., it was not necessary to prove the transportation of the whisky from Baltimore, where there was evidence to support a finding that it was transported into Virginia from a point outside that state.

3. **Intoxicating liquors** &⊃236(5)—**Possession of whisky illegally transported into state justifies inference of participation.**

The possession by defendant and his associates of whisky transported by them from a wharf to a nearby automobile, with nothing to show any intervening possession or control, justifies the legitimate inference that they transported it into the state, where other evidence supports a finding that it had been transported into the state by some one.

&⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Criminal law �köä318—Falsification of testimony by defendant creates presumption of guilt.**

Falsification of testimony by defendant gives rise to a presumption of guilt, to be weighed by the court.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

S. J. Lindsey was convicted of an offense, and he brings error. Affirmed.

Certiorari denied 252 U. S. ——, 40 Sup. Ct. 393, 64 L. Ed. ——.

A. Johnston Ackiss, of Norfolk, Va., for plaintiff in error.

Hiram M. Smith, U. S. Atty., of Richmond, Va. (Frank C. Miller, Asst. U. S. Atty., of Norfolk, Va., on the brief), for the United States.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. Jury trial having been waived, the defendant was found guilty and sentenced by the District Judge on an information charging him in the first count with ordering, purchasing, and transporting 1,200 quarts of whisky from Baltimore, Md., to Norfolk, Va., on January 20, 1919, when the laws of Virginia prohibited the transportation and sale of liquors for beverage purposes. In the second count it is alleged the transportation was not for any of the purposes allowed by the statute. Error is assigned in the refusal of the District Court to acquit on the ground that there was no evidence from which guilt could be reasonably inferred.

The testimony against the defendant was to this effect: The officers found the defendant with two other persons loading cases of whisky at Face's Brickyard, on or near a wharf in Norfolk harbor. The defendant was in the act of taking a case from the direction of the wharf and placing it in the automobile. Some of the persons engaged in the loading ran, and the defendant dropped the package and crawled under the automobile, where he was arrested. Sixteen cases of whisky were found in the automobile. Walker, one of the defendants associated in the enterprise, was afterwards arrested. Under his direction an officer afterwards found in a scow or barge at Face's Brickyard 104 cases of whisky, similar in every respect as to marks, shape, size, and contents to those found in the automobile, described by Officer Holland as follows:

"Bottled in Bond

S. T. Snyder Corporation,

Distilled Whisky.

"Net contents one pint, sealed with government seal, showing bottle, Fall, 1918, Distillery #368, 5th District of Kentucky, H. E. Walker, Distillers.

"Box marked, 'GLASS,' this side up with care TWO DOZEN PINTS WHISKY, also government stamp, Internal Revenue #5, State of Kentucky. This case contains three proof gallons distilled, fine spirits in twenty-four bottles."

The defendant denied participation in loading the whisky and all knowledge of the transaction, saying that he was arrested near the wharf, where he had gone to pump out his launch and to look after

�köä For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

his scow and other property near the wharf. The finding of the District Judge shows he believed the testimony of the officers to be true, and the testimony of defendant to be a fabrication.

[1, 2] The labels on the packages and bottles and the identity in marks and other respects were strong proof that the whisky in the automobile and that in the scow made up a large shipment from without the state into the state of Virginia. This was the essence of the crime charged in the indictment, and it made no difference that there was no proof of transportation from Baltimore. Malcolm v. United States, 256 Fed. 363, 167 C. C. A. 533. The proof of the corpus delicti was therefore plenary.

[3, 4] The possession of defendant and his associates and transportation of it by them from the wharf to the automobile with nothing to show any intervening possession or control leads to the legitimate inference that they had transported it into the state.

"Possession of the fruits of crime, recently after its commission, justifies the inference that the possession is guilty possession, and, though only prima facie evidence of guilt, may be of controlling weight unless explained by the circumstances." Wilson v. United States, 162 U. S. 613, 619, 16 Sup. Ct. 895, 898 (40 L. Ed. 1090).

Falsification by defendant also gave rise to a presumption of guilt to be weighed by the court. Wilson v. United States, supra; Allen v. United States, 164 U. S. 492, 500, 17 Sup. Ct. 154, 41 L. Ed. 528.

The unexplained possession and transportation in Virginia of the whisky shown by the marks and labels to have been transported from another state into the state of Virginia and the falsification of testimony by the defendant were sufficient evidence to support the inference of the court that the defendant was a participant in the transportation into the state of Virginia from another state.

Affirmed.