## MARTIN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.    April 7, 1920.)

No. 5436.

1. **Criminal law ⬥=409, 535(1)—Uncorroborated extrajudicial admissions and confessions will not sustain conviction.**

Extrajudicial confessions or admissions are not sufficient to authorize a conviction of crime, unless corroborated by independent evidence of the corpus delicti.

2. **Criminal law ⬥=517(2), 535(1)—Plea of guilty in state court is extrajudicial confession, admissible in federal court, but requires corroboration.**

A plea of guilty in the state court to a charge of transporting intoxicating liquor in the state is an extrajudicial confession, admissible on a trial in the federal court for transporting intoxicating liquor from a point out of the state into the state, but not sufficient to sustain a conviction, without corroborating evidence of the corpus delicti.

3. **Criminal law ⬥=535(2)—Finding liquor in home not corroboration of confession of transporting it.**

Proof that a large quantity of intoxicating liquor was found in defendant's residence is not proof of the corpus delicti of transporting liquor from a point outside the state into the state, so it is not sufficient to corroborate extrajudicial confessions.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Clifford K. Martin was convicted of transporting intoxicating liquors from Missouri into Nebraska, and he brings error. Reversed, and new trial granted.

J. E. Willits, of Hastings, Neb., for plaintiff in error.

T. S. Allen, U. S. Atty., of Lincoln, Neb. (F. A. Peterson, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before HOOK and CARLAND, Circuit Judges, and VAN VAL-KENBURGH, District Judge.

CARLAND, Circuit Judge. The plaintiff in error, hereafter called defendant, was convicted and sentenced upon an information charging him with having willfully and knowingly transported spirituous and intoxicating liquors, to wit, 192 quarts of whisky, from St. Joseph, Mo., to Hastings, Neb., not for medicinal, sacramental, mechanical, or scientific purposes, and not upon or by virtue of any prescription of a licensed or practicing physician, as provided by the laws of the state of Nebraska. At the close of all the evidence counsel for defendant requested the court to direct a verdict in favor of said defendant, upon the ground that the evidence was insufficient to support a conviction for the crime charged. This motion was overruled, and such ruling is assigned as error.

The only evidence tending to show the defendant guilty was as follows: One hundred and two quarts of whisky were found at defendant's residence in Adams county, Neb., February 11, 1919. Defendant told the officers making the seizure that he had brought the whisky from St. Joseph, Mo., on February 8, 1919. It was also

⬥=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

shown that on February 13, 1919, defendant had pleaded guilty to a complaint in the county court of Adams county, Neb., which complaint was in the following language:

"That between the 1st and the 10th day of February, A. D. 1919, and on or about the 1st day of February, A. D. 1919, one Clifford K. Martin, the defendant herein, did unlawfully and knowingly carry and transport, in an automobile, intoxicating liquor, to wit, whisky, from the state of Missouri to and into the county of Adams and state of Nebraska, to and for himself and other persons, to be kept, stored, sold, and otherwise disposed of in said Adams county, in violation of the statute in such cases made and provided, and against the peace and dignity of the people of the state of Nebraska."

[1] It is the contention of counsel for the defendant that the evidence stated constituted extrajudicial confessions or admissions which were not sufficient to authorize a conviction of the crime charged unless corroborated by independent evidence of the corpus delicti. Counsel for the United States do not contend that there would be evidence sufficient to sustain the conviction, if all the evidence stated amounted only to extrajudicial confessions or admissions. This admission of counsel is in line with the great weight of authority and is the established rule in this circuit. Goff v. United States, 257 Fed. 295, 168 C. C. A. 378; Naftzger v. United States, 200 Fed. 494, and cases cited on page 498, 118 C. C. A. 598.

[2] Counsel, however, maintain that the law is well settled that judicial confessions or admissions, uncorroborated by any other proof of the corpus delicti, are sufficient to support a conviction, and cites many cases in support of his position. It is true that a judicial confession or admission will support a conviction in the case in which it is made, because a plea of guilty is a waiver of proof in that case, and authorizes the court to render judgment against the defendant upon the plea. Counsel for the United States have cited, also, cases which hold that judicial confessions or admissions made in one case are admissible as evidence against the same defendant in other cases, where the plea can be said to admit facts which are relevant and material to the trial in which said confession or admission is offered as evidence. But admissibility and sufficiency to sustain a conviction are two very different propositions. It may be true that judicial confessions or admissions are admissible in other cases than those in which they were made; but this is not saying that, when they are admitted, they will sustain a conviction of the crime charged, without being corroborated by independent evidence of the corpus delicti. What the defendant in this case told the officers concerning the bringing of the whisky from St. Joseph, Mo., to Hastings, Neb., was clearly admissible; but it would not sustain a conviction, unless corroborated as above stated. So the fact that a judicial confession or admission made in one case may be admissible in another does not determine that such judicial confession or admission, when offered in a case other than that in which it was made, is still a judicial confession, and we find no authority which so holds.

On the contrary, the text-writers on evidence say that, when we leave the sphere of the same cause in which the judicial confession or admission was made, we leave behind all questions of judicial

confessions or admissions. The judicial admission or confession, as we have before stated, is a waiver of proof in the case in which it is made; but when this effect ceases with the litigation itself, and we arrive at other litigation, and seek to resort to the parties' statements as embodied in the pleadings of prior litigations, we resort to them, not as judicial confessions or admissions, but as ordinary statements of the defendant, of no more importance, and of no higher character as proof, than other statements of the defendant tending to contradict his evidence or plea in the case on trial. Wigmore on Evidence, vol. 2, p. 1242, § 1065; Chamberlayne on Evidence, vol. 2, § 1283, pp. 1568–1624. It therefore results that the statements made by the defendant in the present case to the officers, and his statement made to the court when pleading to the above complaint in the county court for Adams county, Neb., were each and all extrajudicial confessions, and insufficient to support a verdict of guilty, unless corroborated by independent evidence of the corpus delicti.

[3] The present case is not similar to that of Berryman v. U. S., 259 Fed. 208, 170 C. C. A. 276, so far as corroborative evidence is concerned, because in the case cited the defendant Tucker was found in the possession of intoxicating liquors which he was transporting, and this fact, the court held, would support his statement as to where he got it. In the present case, however, the whisky was found upstairs in the defendant's residence, and in Goff v. U. S., supra, this court decided that statements made by the defendant, when discovered in the act of transporting the liquor, were not sufficient to convict. Without discussing the matter further, we are clear that, under the principle of law governing the case, the judgment below must be reversed, and a new trial granted.

It is so ordered.