### KNOWLTON et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. December 6, 1920.)

No. 3514

Intoxicating liquors ⬤⟹238(2) —**Evidence of bringing into prohibition state sufficient to make jury question.**

Evidence, including the undenied fact that defendants were arrested in a prohibition state with two automobiles loaded with liquor, near the boundary of a state which was not prohibition, *held* sufficient to justify submission to the jury of defendants' guilt of illegally bringing the liquor into the state.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against George E. Knowlton and Jerry Knowlton. Judgment of conviction, and defendants bring error. Affirmed.

John Manning and John J. Beckman, both of Portland, Or., for plaintiffs in error.

Lester W. Humphreys, U. S. Atty., and Hall S. Lusk, Asst. U. S. Atty., both of Portland, Or.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error were convicted and sentenced under an indictment which charged them with violation of the Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a), by transporting intoxicating liquors from the state of California into the state of Oregon, the laws of which state prohibited the manufacture and sale therein of intoxicating liquor for beverage purposes. The error which they assign is that the court below overruled their motions for a directed verdict of acquittal.

The evidence was that on June 10, 1919, at about 4 o'clock a. m., two automobiles, one a Stutz and the other a Mercer, were found at the side of a main traveled road about 35 miles north of the California state line. The occupants of the automobile were asleep. George Knowlton and his wife, Florence, were in the Stutz car, and Jerry Knowlton was in the Mercer car. Both automobiles were loaded with liquor. George Knowlton stated to the arresting officers that he had a small amount of liquor for his own use, and both plaintiffs in error stated that they had bought the liquor in Oregon. George Knowlton gave his name as George W. Wilson, and Jerry Knowlton gave his as James King. There was evidence that on June 9, at Davis Creek, Cal., 12 or 15 miles south of the Oregon line, two men and a woman went into a store and bought provisions. Lougenour, the storekeeper, identified Jerry Knowlton as one of the three, but was unable to identify the other two; but he testified that through the window he saw two automobiles. one a Stutz and the other a Mercer. The witness Ash testified that on the same day, between 1 and 2 o'clock, at Alturas, 45 miles from the Oregon line, Jerry Knowlton drove a heavily loaded Mercer car into his garage; that the car was so heavy that it broke through the floor of his garage; that Jerry Knowlton gave him a drink out of a partially filled bottle of brandy, which he pulled out of the car; that the back of the car seemed to be well filled, but the contents were covered over. Keser testified that at Alturas, on the same day, between 10 and 11 a. m., he repaired a tire and furnished gasoline for a Stutz car in which were a man and a woman; that the back of the car was filled up level with the back seat and covered over with a blanket or canvas. He testified that the Stutz car had white wire wheels, and that the car was a kind of maroon color, or red, with gold stripes. Kock testified that on the 8th or 9th of June, at Alturas, two men came into his lunch counter and purchased 20 sandwiches, 10 of which were beef heart sandwiches; that Jerry Knowlton was one of the men, but he could not

say who the other was. It was proven that, shortly after the plaintiffs in error were arrested, they had luncheon, and that Jerry Knowlton produced from his car beef heart sandwiches. It was also shown that after the arrest Florence Knowlton attempted to escape with the Stutz car, with its contents. At Bend the officers took 234 bottles from the Stutz car, and they testified some were filled with whisky, some with brandy, and that there were a few bottles of gin, and that the bottles had revenue stamps on them. The plaintiffs in error offered no evidence, except that of a witness who testified that the wheels of the Stutz car were black, and that the body was red without stripes, and that the fenders were black.

We think the evidence was sufficient to justify the submission of the case to the jury. There was evidence that on the afternoon of June 9 Jerry Knowlton was at Alturas, Cal., with a Mercer car heavily loaded, the contents concealed by a covering; that on the same afternoon he was seen with the same Mercer car at Davis Creek, 25 miles nearer to the Oregon line; and that at 4 o'clock in the morning of June 10, he was found in the state of Oregon, 35 miles from the California state line, with the same automobile loaded with 201 bottles of intoxicating liquor. From these facts the jury were justified in finding that the liquor was brought across the state line from California. The hypothesis that the load which was in the car in California had been taken out, and that in the meantime a load of liquor had been obtained in the state of Oregon, is too improbable to be worthy of consideration.

As to George Knowlton, the record shows that he was in the company of Jerry, and was his brother; that when arrested he and his wife were in a Stutz car, which was loaded with liquor; that a man and a woman in a Stutz car accompanied Jerry Knowlton to Davis Creek, Cal.; that a man and a woman in a heavily loaded Stutz car were in Alturas, Cal., on the same day that Jerry was there in his Mercer; and that a man was with Jerry when he bought the sandwiches at Alturas. We do not consider the discrepancy in Keser's description of the Stutz car sufficient to discredit his testimony. There was nothing in the circumstances to direct particular attention to the color of the car. The value of his testimony was for the jury to determine. The foregoing facts and circumstances, together with the unexplained possession of a large quantity of liquor in course of transportation in a state in which it could not have been lawfully purchased, and near to the boundary line of a state in which such purchase was lawful, constituted evidence sufficient to go to the jury as to the guilt or innocence of George Knowlton. Laughter v. United States, 259 Fed. 94, 170 C. C. A. 162; Berryman v. United States, 259 Fed. 208, 170 C. C. A. 276; Lindsey v. United States (C. C. A.) 264 Fed. 94.

The judgment is affirmed.