## RICH v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1921. Rehearing Denied May 12, 1921.)

No. 5248.

1. **Criminal law �köö901—Demurrer to evidence is waived by introducing the evidence thereafter.**
   Alleged error in the overruling of defendant's demurrer to the evidence of the prosecution is waived by defendant thereafter introducing evidence.

2. **Criminal law ⊛öö1169(11)—Evidence as to defendant's possession of other property not alleged to have been stolen held not reversible error.**
   In a prosecution for possession of goods known to have been stolen, the admission of evidence that at the same time defendant had in his possession a certain quantity of silk shirting, which in two counts withdrawn from the jury it had been alleged was stolen, *held* not reversible error, where no evidence was admitted tending to show that the shirting had been stolen.

3. **Criminal law ⊛öö1169(11)—Evidence of defendant's possession of other property held harmless, under defendant's statement and testimony.**
   In a prosecution for possession of stolen shoes, the admission of evidence that, when arrested, defendant had in his possession also a quantity of silk shirting, was not prejudicial to defendant, where he admitted the possession, both in his voluntary statement to the officers and in his testimony at the trial.

4. **Witnesses ⊛öö280—Cross-examination as to whether defendant was given "third degree" held improper.**
   In a prosecution for crime, where defendant's statement to the officers was given in evidence, it was not error for the trial court to exclude cross-question whether the witness gave defendant the "third degree," for the reason that the court did not know what was meant by the third degree, where defendant was permitted to cross-examine fully as to force and threats at the time the statement was made.

5. **Criminal law ⊛öö534(2)—Evidence held to corroborate defendant's confession he knew goods were stolen.**
   In a prosecution for transporting in interstate commerce goods known to have been stolen from an interstate shipment, evidence showing that the goods were part of an interstate shipment which had been stolen, and that they were found in the possession of one to whom defendant had sold them, is sufficient to corroborate defendant's confession.

6. **Criminal law ⊛öö1163(1)—Errors must be shown to be prejudicial by party complaining.**
   Under Act Feb. 26, 1919, amending Judicial Code, § 269 (Comp. St. Ann. Supp. 1919, § 1246), and requiring the Court of Appeals to look to the entire record before the court, and render judgment without regard to technical errors, the former practice of holding an error reversible

⊛ööFor other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

unless the opposite party can affirmatively demonstrate it was harmless is changed, and the burden now is on the complaining party to show from the record as a whole the denial of some substantial right.

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Michael Rich was convicted of having transported in interstate commerce shoes which he knew to have been stolen, and of having those shoes in his possession with such knowledge, and he brings error. Affirmed.

Thomas B. Harvey, of St. Louis, Mo., for plaintiff in error.

N. C. Whaley, Asst. U. S. Atty., of St. Louis, Mo. (James E. Carroll, U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before HOOK and CARLAND, Circuit Judges, and LEWIS, District Judge.

CARLAND, Circuit Judge. Plaintiff in error, hereafter defendant, was convicted and sentenced for having on July 28, 1917, transported in interstate commerce from East St. Louis, Ill., to St. Louis Mo., 80 pairs of shoes which had theretofore been stolen from the Big Four Railway platform in said East St. Louis, being a shipment made by French, Shriner & Urner, of Boston, Mass., to the J. G. Brandt Shoe Co., of St. Louis, Mo., said defendant at the time of said transportation well knowing said shoes to have been stolen, and for having said shoes in his possession with the knowledge aforesaid. 37 Stat. 670 (Comp. St. §§ 8603, 8604).

[1] Counsel for defendant contends that in the trial certain errors intervened which compel a reversal of the judgment of conviction. None of the 13 assignments of error present any question for review, except the ninth, and that alleged error was waived by defendant in the introduction of evidence after his demurrer to the evidence on the part of the prosecution had been overruled. Notwithstanding the want of proper assignments we will notice certain errors argued by counsel in this court.

[2] The first of these alleged errors arose when the trial court permitted the witness Barron to testify that, when the defendant was arrested, there was found on his auto truck 25 bolts of silk shirting. Silk shirting was not mentioned in the counts upon which defendant was tried, but had been mentioned in two other counts, which had been dismissed by the prosecution before trial. The witness Churchill also was permitted to testify that 1,500 yards of silk shirting was on defendant's truck when he was arrested. Other witnesses were allowed to testify as to a statement made by the defendant to the officers who had him in charge, wherein defendant referred, not only to the shoes, but to the silk shirting. It is claimed that, there being no charge in the indictment in regard to the silk shirting, evidence in relation thereto was immaterial and prejudicial to the defendant. It is also claimed that it was an attempt on the part of the prosecution to prove the commission of an offense other than that charged in the

indictment. The last contention mentioned is without merit. There was no evidence that the silk shirting had been stolen or that the defendant knew that it had been stolen. There is nothing in silk shirting itself that would render it criminal to transport it in an automobile or to have it in one's possession. The statement of the defendant, made to the officers which had him in charge, was voluntary so far as the evidence shows, and, the defendant himself having referred to the silk shirting, we do not think he can complain that the officers testified as to all the defendant said. The prosecution was entitled to the whole of the statement, and that was the theory upon which evidence of defendant's admission in relation to the silk shirting was admitted by the court.

[3] So far as the other evidence in regard to the amount of silk shirting found in the automobile is concerned, the defendant on cross-examination without objection testified that he had silk shirting on his truck when arrested. He also testified that it came from Ike Keshnell, in East St. Louis. It appears, therefore, that the defendant himself brought the matter of silk shirting into the case by his statement to the officers, and at the trial testified in regard thereto without objection. In this view of the case, we do not think that defendant is in a position to complain in regard to the admission of evidence concerning the silk shirting. Although the sufficiency of the evidence to sustain the verdict is not before us, we have carefully read the same, and have no doubt that there was sufficient evidence to warrant the jury in finding the defendant guilty.

[4] Much is made of the refusal of the trial court to allow the witness McCormick to answer the question propounded by counsel for the defendant as to whether or not the officers had not given the defendant the third degree; the object of counsel being to show in some way that the statement of the defendant made to the officers was obtained in such circumstances as to render it inadmissible as evidence. The defendant, when on the stand, testified that he was not beaten at the time the statement was made, that he did not remember whether he was pushed or shoved, or whether any one put their hands upon him, and that no threats were used. The trial court stated that he did not know what the words "third degree" meant when he sustained the objection to the question of counsel for defendant, but stated that if counsel would ask a legitimate question he would permit it to be answered. We think the trial court was clearly within its right in requiring counsel, if he desired to show that the statement of defendant was made under duress, to ask such questions as would develop that fact. The record shows that counsel was so permitted. When this permission was granted, counsel seemed to think that it was competent to attempt to show the bad character of the witness and the history of his official life. This fact in itself would seem to show that there was no basis in fact for the claim that the statement was obtained by duress.

Complaint is made of the ruling of the court in permitting the witness McCormick to testify as to what the railway record showed with reference to the receipt by it of the shipment of the shoes, and as to

whether they had been delivered to the consignee. The objection to this testimony was that it was leading, suggestive, and called for the conclusion of the witness. There was no objection that it was not the best evidence, and counsel could not have made that objection, in face of the admission made by him at the commencement of the trial to the effect that the shoes referred to in the indictment were in fact a part of a shipment made by French, Shriner & Urner from Boston, Mass., and at the time were moving to the J. G. Brandt Shoe Company, at St. Louis, Mo., and that the government might show the movement of the shipment by secondary evidence.

[5] It is next objected that the statement or confession of the defendant was not corroborated as to the fact that the shoes had been stolen and that the defendant knew that they had been stolen. It was shown beyond dispute that the shoes were part of a shipment in interstate commerce from French, Shriner & Urner, Boston, Mass., to the Brandt Shoe Company, St. Louis; that they arrived at East St. Louis; that they were not delivered to the consignee in the regular course of business, but were taken by some one from the platform of the Big Four Railway Co. at East St. Louis. The shoes were found in the possession of Holtzman, to whom defendant had sold them, and there was abundant evidence to show that the defendant knew that the shoes had been stolen. The following authorities clearly show that there was sufficient corroboration of the confession: Martin v. U. S. (C. C. A.) 264 Fed. 950; Goff v. U. S., 257 Fed. 295, 168 C. C. A. 378; Naftzger v. U. S., 200 Fed. 494, 118 C. C. A. 598; Berryman v. U. S., 259 Fed. 208, 170 C. C. A. 276. In the last case cited the fact that Berryman had intoxicating liquor in his auto, which he was transporting, was held sufficient corroboration of his statement as to where he got the intoxicating liquor.

There were no proper exceptions taken to the charge of the court as given. It is claimed by counsel for defendant that the trial court erred in stating to the jury:

"That there is no question about the goods having been stolen in East St. Louis from a car carrying this interstate shipment. This is practically admitted, because the proof shows it."

The statement of the court was justified by the evidence, and, if it was, there was no error in the court so stating. Horning, Pet. v. District of Columbia, 254 U. S. 135, 41 Sup. Ct. 53, 65 L. Ed. ——, decided by the Supreme Court November 22, 1920. In the above case the Supreme Court said:

"If the defendant suffered any wrong, it was purely formal, since, as we have said, on the facts admitted there was no doubt of his guilt"—citing the statute now to be considered.

[6] We are referred by counsel for the defendant to the Act of February 26, 1919, c. 48, 40 Stat. 1181, being an amendment to section 269 of the Judicial Code (Comp. St. Ann. Supp. 1919, § 1246), which authorizes and commands us to look to the entire record before the court and render judgment without regard to technical errors. We think it is proper to observe that this statute was not passed

for the benefit of any particular party to litigation, and we have observed the command of the statute in noticing errors that were not assigned or excepted to; this in the interest of justice where the liberty of a citizen is involved.

We cite, with our approval upon the meaning of this statute in another aspect, the language of the Court of Appeals of the Seventh Circuit in the case of William D. Haywood et al. v. United States, 268 Fed. 795, as follows:

"From recent legislation [citing statute] we gather the congressional intent to end the practice of holding that an error requires the reversal of the judgment unless the opponent can affirmatively demonstrate from other parts of the record that the error was harmless, and now to demand that the complaining party show to the reviewing tribunal from the record as a whole that he has been denied some substantial right whereby he has been prevented from having a fair trial."

Viewing the record in this case as a whole, we are of the opinion that the judgment below ought to be affirmed; and it is so ordered.