## ONE BUICK AUTOMOBILE et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 29, 1921.)

No. 5653.

1. **Indians ☞35—Evidence held admissible in proceeding to forfeit automobile.**

In proceedings to forfeit automobile as having been used in attempting to introduce intoxicants into former Indian country, evidence tending to show that shortly before the seizure of the car it was seen going in the direction of a city outside the Indian country, and that the whisky found in the car when seized was such as was being sold at the time in that city, and that the day before the claimant of the automobile was seen in the city, and that the car was there at that time, was properly admitted.

2. **Indians ☞35—Failure of claimant of automobile to testify might be considered against him.**

In proceedings to forfeit automobile as having been used in attempting to introduce intoxicants into former Indian country, the court properly refused to charge that interpleader, claimant of the automobile, "does not have to testify, and his failure to do so is not to be considered against him"; the proceeding being a civil action, though penal.

3. **Evidence ☞76—Failure of party to testify may be considered against him.**

Failure of a party to testify may be considered by the jury, when there is substantial evidence, which, by failing to testify, he does not deny.

4. **Trial ☞193 (2)—Expression of court's opinion held not error.**

In proceedings to forfeit automobile as having been used in attempting to introduce intoxicants into former Indian country, where, after the jury had been out for some time without reaching a verdict, the court stated to the jury that in its opinion the government should prevail, adding that its opinion was but advisory, such action was not error.

In Error to the District Court of the United States for the Eastern District of Oklahoma; R. L. Williams, Judge.

Libel in the United States to forfeit an automobile as having been used in introducing intoxicants into Indian country, in which T. C. Wilson, as claimant, intervened. Judgment of condemnation, and claimant brings error. Affirmed.

James S. Davenport, of Tulsa, Okl., for plaintiff in error.

C. C. Lydick, Asst. U. S. Atty., of Shawnee, Okl. (John T. Harley, U. S. Atty., of Coalgate, Okl., on the brief), for the United States.

Before HOOK and STONE, Circuit Judges, and TRIEBER, District Judge.

PER CURIAM. This is a writ of error to review a judgment of condemnation of one automobile. The United States Attorney filed a libel against it, asking for a forfeiture thereof for violation of that provision of the Indian Appropriation Act of Congress approved March 2, 1917, 39 St. 970 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4141a), which reads:

"That automobiles or any other vehicles or conveyances used in introducing, or attempting to introduce, intoxicants into the Indian country, or where the introduction is prohibited by treaty or federal statute, whether used by the owner thereof or other person, shall be subject to the seizure, libel, and for-

feiture provided in section 2140 of the Revised Statutes of the United States."

The libel charged that on or about the 30th day of May, 1919, in Craig county, Okl., Hiram Stevens, deputy special officer, by virtue of authority conferred upon him by law, seized one Buick roadster (describing it) and brought it to the city of Miami, Okl., within the Eastern district of Oklahoma, where it is now held as forfeited to the United States, and subject to libel and sale by the United States, for the following reasons:

"That at the time of the seizure of said above-described property by said officer, as above set out, said property was in the possession of and being used by T. Wilson for the purpose of introducing, transporting, and conveying from without the state of Oklahoma, into the eastern part of the state of Oklahoma, formerly Indian Territory, spirituous, vinous, fermented, and intoxicating liquor, in violation of section 8 of the Act of Congress of March 1, 1895 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4136b], and other acts of Congress in such cases made and provided; that the said place where the said property was seized by said officers is and was at the time of the seizure within the Eastern judicial district of the state of Oklahoma; and that the introduction and transportation of liquor into said district was at the time of the seizure of said above described property prohibited by federal statute."

Then follows the usual prayer for monition and judgment. A monition in proper form was issued and served, whereupon the plaintiff in error filed an intervention. In the intervention he claims ownership of the car and denies all the allegations in the libel. There was a trial to a jury, and a verdict in favor of the United States, on which judgment was entered.

[1] There are numerous assignments of error, but some have been abandoned, as they are not insisted on in the brief of counsel for plaintiff in error. It is assigned as error that the court admitted in evidence testimony tending to show that, shortly before the seizure of the car, it was seen going in the direction of Joplin, Mo., and that the whisky found therein when the car was seized, 204 quart bottles, labeled "Old Davidson" was such as was being sold at the time in Joplin, Mo. There was also evidence tending to show that the day before the intervener was seen at Joplin, and that the car was there at that time. In our opinion the court committed no error in admitting this testimony, as circumstances to establish the fact that the whisky was being introduced into that part of the state of Oklahoma which was formerly the Indian Territory, where by the laws of the United States the introduction was prohibited. Laughter v. United States, 259 Fed. 94, 170 C. C. A. 162; Berryman v. United States, 259 Fed. 208, 170 C. C. A. 276; Lindsey v. United States (C. C. A. 4th Ct.) 264 Fed. 94, certiorari denied 252 U. S. 583, 40 Sup. Ct. 393, 64 L. Ed. 727; Knowlton v. United States (C. C. A. 9th Ct.) 269 Fed. 386.

[2, 3] There are some assignments of error attacking the refusal of the court to give certain instructions to the jury, asked on behalf of the intervener. The court was asked to charge that "the interpleader does not have to testify, and his failure to do so is not to be considered against him." As this was a civil action, although penal, the rules of law governing civil actions, and not criminal prosecutions, apply, and

in a civil action the failure of a party to an action to testify may be considered by the jury, when there is substantial evidence against him, which by failing to testify he does not deny. 14 R. C. L. § 26, p. 758.

The main contention for a reversal is that the evidence was insufficient to warrant the submission of the case to the jury, and that it was error to refuse a peremptory instruction to find for the intervener. We have read the evidence with great care, and, without prolonging this opinion by setting it out, we are unanimously of the opinion that the evidence was sufficient to require its submission to the jury.

[4] It is also assigned as error that, after the jury had been out for some time without reaching a verdict, the court stated to the jury that in its opinion the government should prevail, adding:

"But that opinion is advisory. It is not for the purpose of coercing this jury, and I will instruct you that, where a juror has an honest conviction or opinion contrary to that expressed by the court, I want him to stay with it. * * * The verdict of the jury is to reflect the independent judgment of 12 jurors."

In the original charge the court had told the jury that they are the sole judges of the weight of the evidence and the credibility of the witnesses, and that its expressions as to the weight or value of the evidence is merely advisory. That the judges of the federal courts may express their opinions as to the weight of the evidence, when limited by such words as the learned trial judge expressed in the instant case, is well settled. Robinson v. Belt, 187 U. S. 41, 50, 23 Sup. Ct. 16, 47 L. Ed. 65; Lesser Cotton Co. v. St. Louis, etc., R. R., 114 Fed. 133, 52 C. C. A. 95; Maynard v. Reynolds, 251 Fed. 784, 786, 164 C. C. A. 18; United Mine Workers v. Coronado Coal Co., 258 Fed. 829, 844, 169 C. C. A. 549. Even in criminal cases it is permissible. Allis v. United States, 155 U. S. 117, 122, 15 Sup. Ct. 36, 39 L. Ed. 91; Horning v. District of Columbia, 254 U. S. 135, 41 Sup. Ct. 53, 65 L. Ed. ——.

There is no error in the record, and the judgment is affirmed.

Judge HOOK participated in the hearing and concurred in the result, but died before the opinion was prepared.