## UNITED STATES v. HOLTZ

(District Court, E. D. New York. January 22, 1923.)

1. **Criminal law** &#9758;942(1)—**Newly discovered impeaching evidence does not warrant new trial.**

Newly discovered evidence, to warrant a new trial, must do more than merely impeach or contradict former evidence.

2. **Indictment and information** &#9758;159(1)—**Amendment of count in indictment deprives the court of power to proceed on such count.**

An amendment of an indictment at the trial deprives the court of power to proceed on the counts amended, but not on counts not amended.

**3. Criminal law ⬤◯991 (2)—Excessive sentence void only as to excess.**

Imposition of a sentence in excess of what the law permits does not render the authorized portion of the sentence void, but only the excessive portion.

**4. Criminal law ⬤◯984—Sentence not exceeding that authorized on good count not excessive.**

A sentence to imprisonment on each of several counts, the sentences to run concurrently, is not exessive, where the length of term is authorized under one good count.

Criminal prosecution by the United States against Martin Holtz. Judgment of conviction, and defendant moves for new trial to vacate the judgment, and in arrest of judgment. Motions denied.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Henry J. Walsh, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Buchner & Gilmore, of Brooklyn, N. Y., for defendant.

GARVIN, District Judge. Defendant moves for a new trial on the ground of newly discovered evidence, and at the same time moves to vacate the judgment, and also moves in arrest of judgment, on the ground that the indictment was amended at the trial.

[1] As to the first motion, it appears that at the trial one Koehler, a witness for the government, testified that the defendant was not in the premises known as 80 Smith street, borough of Brooklyn, on August 8, 1922, when a sale of whisky was made. Later, in another proceeding, Koehler made an affidavit that on the day in question the defendant himself served the whisky which was the subject of the sale. At the trial there testimony there given by Koehler was corroborated by two witnesses. The jury believed their testimony, which was clear and convincing. It cannot be denied that the affidavit is at variance, but, as the government urges in its brief, that affidavit was undoubtedly prepared in the office of the United States attorney, and the witness was in all probability assured that it conformed with the facts. It is quite common for one to sign an affidavit, under such circumstances, without carefully examining the contents, although such a practice is not to be commended. In any event, however, newly discovered evidence must do more than merely impeach or contradict former evidence. People v. Priori, 164 N. Y. 459, 58 N. E. 668. The motion for a new trial on the ground of newly discovered evidence must be denied.

[2] The second motion asks an arrest of judgment, and for an order vacating the judgment, on the ground that the indictment was amended at the trial without resubmission to the grand jury, so as to change 20 Smith street to 80 Smith street in the second and third counts. An amendment to the indictment would prove fatal to the result of the trial, should the action be based on one count only. Such a change in the body of the indictment, even though effecting surplusage and with the consent of defendant's counsel, would deprive the court of the power to proceed on this count. "The power of the

court to proceed to try the prisoner is as much arrested as if the indictment had been dismissed, or a nolle prosequi had been entered." Ex parte Bain, 121 U. S. 1, 7 Sup. Ct. 781, 30 L. Ed. 849. However, in the case at bar there are three counts. Defendant claims that the second and third counts, since amendment, must be treated as void. Dodge v. United States, 258 Fed. 300, 169 C. C. A. 316, 7 A. L. R. 1510.

I am not at all sure that this contention is correct. It is quite immaterial whether the liquor was sold at 20 or 80 Smith street. The offense is the sale within the Eastern district of New York. See Malcolm v. United States, 256 Fed. 363, 167 C. C. A. 533. However that may be, the remaining count is sufficient to sustain the conviction.

[3, 4] Since this court has jurisdiction of the person and the offense, the imposition of a sentence in excess of what the law permits does not render the authorized portion of the sentence void, but only the portion of it which is in excess. U. S. v. Pridgeon, 153 U. S. 48, 14 Sup. Ct. 746, 38 L. Ed. 631; Dodge v. United States, 258 Fed. 300, 169 C. C. A. 316, 7 A. L. R. 1510. Since the defendant in the case at bar was sentenced to serve 90 days on each of the three counts, the sentence to run concurrently, there is no excess.

Both motions are denied.

### THE NEW YORK.

(District Court, E. D. New York. February 15, 1923.)

Maritime liens ⊛—37—Recording of preferred mortgage does not displace lien for repair work in progress under contract.

A preferred mortgage, given under Ship Mortgage Act 1920, § 30, subsec. D, is subject to a maritime lien for repairs made under contract, work on which was begun before recording of the mortgage and which was then in progress.

In Admiralty. Suit by the Morse Dry Dock & Repair Company and others against the steamship New York. On exceptions to report of commissioner as to priority of liens. Exceptions overruled.

