## UNITED STATES v. BOK.

(District Court, D. Minnesota, Fifth Division. October 6, 1923.)

1. **Criminal law ⬅1091(10), 1116, 1141(2), 1144(3)—Presumed evidence showed offense, and to sustain assignments of error for variance bill of exceptions must show evidence admitted over objection, exception thereto, and prejudice.**

   In support of a judgment of conviction, it will be presumed that the evidence showed the offense to have been committed at the place charged in the indictment or information, and to sustain assignments of error based on a claimed variance the bill of exceptions must set out the evidence, show that it was admitted over objection and an exception taken, and that it was prejudicial.

2. **Criminal law ⬅1086(14), 1122(5)—Instructions cannot be reviewed unless contained in the record.**

   An assignment of error based on the charge of the court cannot be considered unless the record contains the charge and shows exception thereto.

3. **Criminal law ⬅1071—Assignments of error must conform to rule of appellate court, or writ of error may be refused.**

   Petition for allowance of a writ of error may properly be denied, where the assignments of error disregard the requirements of Rule 11 of the Circuit Court of Appeals (150 Fed. xxvii, 79 C. C. A. xxvii), and hence present no question for review.

Criminal prosecution by the United States against Michael E. Bok. On petition by defendant for allowance of writ of error and supersedeas. Denied.

W. F. Dacey, of Duluth, Minn., for petitioner.

Lafayette French, Jr., U. S. Dist. Atty., of St. Paul, Minn.

McGEE, District Judge. The information filed on May 1, 1923, by the district attorney, charges the defendant with having made a sale of intoxicating liquor in the soft drink parlor conducted by him at 9801 Crestline Court street, in Duluth, Minn., on the 10th day of November, 1922, and with having had intoxicating liquor in his possession at the same place on the 21st day of the same month, both in violation of the provisions of the National Prohibition Act (41 Stat. 305).

The defendant before the trial interposed a motion to quash the first or possession count of the information, which motion was granted.

The case was tried on the 23d day of July, 1923, and resulted in a verdict of guilty on the second or sale count. The defendant was sentenced to serve 5 months and 25 days in the county jail of Itasca County.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A motion for a new trial was made and denied on the 24th day of August, 1923.

The sufficiency or validity of the second count in the information was not challenged by a motion to quash, by demurrer, or motion in arrest of judgment.

The evidence taken on the trial and the charge of the court have not been preserved in the record. Aside from the ruling of the court sustaining a motion to quash the first or possession count in the information, which was a ruling in the defendant's favor, and the order denying the motion for a new trial, which is a discretionary order, and cannot be assigned as error, there is nothing in the bill of exceptions from its opening to its concluding sentence showing that the defendant ever made an objection, that the court ever made a ruling, or that the defendant ever took an exception.

The case is now presented on a petition for the allowance of a writ of error and supersedeas. An assignment of errors has been presented with the petition for the allowance of the writ, and contains 14 assignments, of which the first, second, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth are identical with the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, fifteenth, and sixteenth assignments in the case of United States v. Norman R. McDonald, 293 Fed. 433, tried on the 18th and 19th days of July, 1923, at Duluth, Minn.

The assignments of error common to both cases were examined very carefully in the McDonald Case, and disposed of in a memorandum attached to the order in that case denying the writ; and what is said in that memorandum is equally applicable here, and for that reason the memorandum is hereto attached and made a part of the order herein.

The third, fourth, and fifth assignments of error which are based upon a misapprehension of the record herein are designed to raise the same question, namely, that the information alleges that the sale took place at a stated street number in the city of Duluth, Minn., and the evidence on the part of the government was to the effect that the sale took place at another and distinctly different place in said city; that the court erred in permitting the government to introduce evidence tending to prove the sale at a different place from that set forth in the information; that there was a fatal variance between the allegations of the information and the proof of the government as to the precise place where the sale was made.

Assuming that the precise location described in the information was material and essential to be proved, as alleged, which is not true as a matter of law, still there is no warrant in the record for the statements contained in the third, fourth, and fifth assignments of error that the premises on which the evidence showed the sale took place were in another and totally different place in said city. The only reference to the matter in the bill of exceptions is in the fourth paragraph thereof, and is as follows:

"That on July 23, 1923, said case was called for trial and tried before Hon. John F. McGee and a jury, and on behalf of the government one Matt Viitala

testified that on the 10th day of November, 1922, between 5 and 6 o'clock, p. m., he purchased intoxicating liquor from the defendant at 9801 Crestline Court, in the city of Duluth, Minn. It was further shown that the defendant on November 10, 1922, lived at No. 119 East Crestline Court, in the same building as No. 9801 Crestline Court street, although the two numbers are on different streets, the building being on a corner."

The certificate to the bill of exceptions is as follows:

"The foregoing bill of exceptions is hereby settled and allowed as and for the bill of exceptions in the above-entitled case."

It is not pretended that the evidence taken on the trial is contained in the bill of exceptions, which covers practically only two pages of typewritten matter, and does not, in fact, contain 1 per cent. of the testimony taken on the trial.

[1] If any one proposition is better settled than another in the Circuit Court of Appeals of this circuit, it is that error on the part of the court below is not presumed, and that the burden rests upon one asserting error to affirmatively establish that fact from the record before the court.

The three assignments of error in question have no foundation whatever to rest upon, because of the fact that the evidence with which they deal has not been preserved, and in support of the judgment it will be presumed that there was evidence showing that 9801 Crestline Court and 9801 Crestline Court street is one and the same place.

To succeed in the appellate court on these assignments of error, it would be incumbent upon the defendant as plaintiff in error to demonstrate from the record that the description in the information and the description given by the witness Viitala were of different localities, and that the difference was such that to receive the testimony was prejudicial to the defendant, and that to its introduction proper objection was made and exception taken, which does not appear.

In Malcolm v. U. S. (C. C. A. 4) 256 Fed. 363, 167 C. C. A. 533, it is said:

"The indictment charges that the transportation was from Ashland, Ky., to Charleston, W. Va., whereas the proof shows that it was from Catlettsburg, Ky., which is a few miles from Ashland, and this variance is alleged to be fatal. We are quite unconvinced, notwithstanding the able argument of defendant's counsel, that this contention should be sustained. * * * In our judgment it would have been sufficient merely to charge, in the language of the statute, the transportation of the whisky in question into the state of West Virginia, without naming the particular place, or even the state, from which it was transported. Omission of the point of origin might have entitled defendant to a bill of particulars, but it would not have served to render the indictment demurrable. * * * Moreover, in the case at bar there could be no claim that defendant was surprised, as it is evident from the record that he was never in doubt as to what transactions were referred to in the indictment. The defense of variance is purely technical and cannot be allowed to prevail."

In U. S. v. Holtz (D. C.) 288 Fed. 81, 83, the court said:

"It is quite immaterial whether the liquor was sold at 20 or 80 Smith street. The offense is the sale within the Eastern district of New York. See Malcolm v. United States, 256 Fed. 363."

[2] The sixth assignment of error is that—

"The court erred in its charge to the jury in commenting upon the fact that there were two counts in the information against this defendant, one for possession and one for sale, and that the count for possession had been quashed and dismissed upon motion of the defendant, or words to that effect."

That assignment of error is disposed of by a reference to the record, which shows that no part of the charge has been preserved, nor any exception to any part of it taken on the trial.

If the charge had been preserved and such a statement as that contained in the sixth assignment of error had been made by the court, it would have been perfectly proper, because the information would go to the jury with two counts in it, when they in fact heard the evidence on only one count, and were entitled to the explanation that the other count had been disposed of and held invalid by the court.

It is difficult to conceive how error could possibly be predicated upon a charge containing such a statement; on the contrary, it might be said that the charge would be incomplete if it had not contained that explanatory statement.

[3] If counsel had attempted to conform to the requirements of Rule 11 of the Circuit Court of Appeals (150 Fed. xxvii, 79 C. C. A. xxvii), in the preparation of the third, fourth, fifth, and sixth assignments of error, they would not have been presented to this court.

Conformity to the requirements of the rule in the preparation of the third, fourth, and fifth assignments would have required counsel "to quote the full substance of the evidence admitted," showing "that 9801 Crestline Court was at another and totally different place in said city from 9801 Crestline Court street," and that he objected to the admission of testimony on that ground, and that the objection was overruled, and an exception taken; which, of course, would have been impossible because the record fails to show that any such proceedings were had.

And conformity to the requirements of the same rule in the preparation of the sixth assignment of error would have required counsel to set out the part of the charge complained of totidem verbis, with an exception taken thereto in open court before the jury retired, which would have been impossible because no part of the charge has been preserved in the bill of exceptions.

The requirement of Rule 11 is:

"When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected. When the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be in instructions given or instructions refused. Such assignment of errors shall form part of the transcript of the record and be printed with it. When this is not done, counsel will not be heard, except at the request of the court; and errors not assigned according to this rule will be disregarded; but the court, at its option, may notice a plain error not assigned."

It must be apparent that for the reason alone that the fourth, fifth, and sixth assignments of error are not in conformity with the requirements of Rule 11 that plaintiff in error would not be heard to discuss them in the appellate court.

The assignments of error discussed herein are fully and completely covered by the case of Lincoln Savings Bank & Deposit Co. v. Allen (C. C. A. 8) 82 Fed. 148, 149, 27 C. C. A. 87, 89, in which Judge Sanborn, speaking for the court, said:

"Twelve of the remaining errors are that certain paragraphs of the charge of the court, which appear to have been wrested from their connection, and quoted in the assignment of errors, and which relate almost entirely to the effect of the evidence which had been produced in the case, are erroneous. But the evidence which was before the trial court has not been presented to us, and the presumption is that there was evidence which warranted the charge. There is no bill of exceptions and no copy of the charge of the court in the printed record. There is nothing in it to show that the paragraphs quoted in the assignment of errors were even given to the jury by the court, or that any exception was ever taken to any of them by the plaintiff in error. The only information we have upon this subject is contained in the statement which precedes each paragraph in the assignment of errors, and is in these words: 'The court erred in giving the following instruction, to the giving of which the defendant duly excepted at the time.' But the assertion of the defeated party in his assignment of errors, either that the court erred, or that it gave any instruction, or that the plaintiff in error excepted to that instruction, is insufficient, without more, to warrant an appellate court in reversing a judgment.

"The facts that portions of the charge challenged were given, and that exceptions were taken to them, must be established by a bill of exceptions, settled and signed in accordance with the act of the Congress of the United States, before a federal court can find the errors and reverse the judgment. Rev. St. § 953; Clune v. U. S., 159 U. S. 590, 16 Sup. Ct. 125; Blake v. U. S., 18 C. C. A. 117, 71 Fed. 286; Mussina v. Cavazos, 6 Wall. 355, 363; Origet v. U. S., 125 U. S. 240, 8 Sup. Ct. 846. We cannot reverse this judgment on the ground that these alleged errors in the charge of the court exist (1) because there may have been evidence which warranted them, and all the evidence is not presented to us, so that we can see that it was insufficient; (2) because it does not appear from the record that any of the challenged paragraphs were given to the jury by the court; and (3) because it does not appear that any exception was taken to any of them if they were given.

"The remaining error assigned is that the court refused to give an instruction which was requested by the defendant. But that instruction relates to the effect of the evidence in the case, and, in the absence of any proof by a bill of exceptions that all the evidence is before us, and that the plaintiff in error excepted to that refusal, there is nothing here for our consideration. The judgment below must accordingly be affirmed."

To the same effect is McGrath v. U. S. (C. C. A. 2) 275 Fed. 294, 296, in which the court said:

"The record technically consists of the indictment, the bill of exceptions, and the judgment. The absence from the record of the bill of exceptions therefore simply precludes the court from passing on questions raised at the trial which the bill of exceptions might have brought here if one had been introduced into the record. Its absence does not, however, deprive us of the right to pass on the sufficiency of the indictment or the judgment.

"We are obliged to decide this case as though there was no demurrer to the indictment, no motion to quash, no motion for a new trial or in arrest of judgment, no exceptions to the admission or exclusion of evidence, and no objection to instructions given or withheld. We have no information concerning these matters. The sole question before us, under the circumstances, is whether the indictment fails to state facts sufficient to constitute the crime charged. If it thus fails, then, of course, it is the duty of the court to set aside the judgment. But if the facts alleged are sufficient to sustain the indictment, the judgment must be affirmed. Sonnenberg v. United States (C. C. A.) 264 Fed. 327."

To allow the writ of error in this case would be to burden the appellate court with a case that never ought to be permitted to reach that tribunal.

From my examination of the law on the subject, I have no doubt that the petition for the allowance of the writ of error and supersedeas should be, and it is, hereby denied.

It is so ordered.

The pending stay will be extended for a period of 10 days from the date of the filing of the order herein to give the petitioner an opportunity to make application to a judge of the Circuit Court of Appeals, if he be so advised, for the allowance of a writ of error and supersedeas.

### NOTE.

STONE, Circuit Judge. Allowance of writ of error and supersedeas are this 23d day of October, 1923, denied for the reasons stated in the memorandum heretofore filed by Judge McGEE herein.